Jay Burns v. Commissioner.
Burns v. Commissioner
Docket No. 25314.
United States Tax Court
T.C. Memo 1955-147; 1955 Tax Ct. Memo LEXIS 192; 14 T.C.M. (CCH) 544; T.C.M. (RIA) 55147; June 13, 1955
Alex P. Gaines, Esq., and John E. Simpson, Esq., for the petitioner. Thomas C. Cravens, Jr., Esq., for the respondent. TURNER Supplemental Memorandum Findings Fact and Opinion TURNER, Judge: This proceeding was remanded by the United States Court of Appeals for the Fifth Circuit, on the question whether certain lots located near Tampa, Florida, and sold by petitioner in 1947 were property used in the trade or business of the petitioner within the meaning of section 117(a) of the Internal Revenue Code of 1939, and not, therefore, capital *193 assets under that section. By letters filed with the Court, counsel for the parties have waived the introduction of further evidence, and have requested the Court to determine the matter on the record heretofore made. Findings of Fact The lots in question were never at any time used in a trade or business of the petitioner, and it was never intended that they should or would be so used. Opinion The evidence and the findings of fact heretofore made therefrom show that petitioner had in mind the creation of a corporation which was to own and operate a wholesale bakery business in Tampa, Florida. The lots in question were purchased by him for transfer to the intended corporation as the site for the bakery. The corporate charter was acquired and petitioner made a formal conveyance of the lots naming the corporation as grantee. For reasons stated in the findings of fact heretofore made, the plans for the bakery were abandoned and the organization of the corporation and its business proceeded no further. A formal reconveyance of the lots to petitioner was executed in the name of the abortive corporation and they were owned by petitioner until their sale in 1947. The bakery business *194 was to have been that of the corporation, not that of petitioner, and the intention was that the lots were to be owned by the corporation and used by it in its business. The evidence stands in refutation of any claim that petitioner ever used the lots in any trade or business owned or operated by him, or ever intended to so use them. Conceivably, that accounts for the fact that petitioner neither at the trial nor on brief advanced any such claim. Not having been used in any trade or business of petitioner, and, as already found, not having been held primarily for sale to customers in the ordinary course of any trade or business carried on by him, the said lots are not excluded from but fall within the definition of a capital asset as defined by section 117(a), supra, as heretofore found and concluded. And the loss sustained being a capital loss, it is deductible under and subject to the limitations prescribed by section 23(g). In the light of the conclusion stated, and the result being the same as set forth in the prior decision herein, which decision was made pursuant to agreed computations of the parties under Rule 50, re-entry of that decision will accordingly be made.